

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GREGORY DEWAYNE WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:16-CV-090-A |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Gregory Dewayne Williams, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

## I. Factual and Procedural History

On October 3, 2012, in Criminal District Court Number Three of Tarrant County, Texas, Case No. 1263349D, petitioner waived his right to a jury trial and, pursuant to a plea bargain

---

[1]Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

agreement, pleaded guilty to recklessly causing serous bodily
injury to a child with a deadly weapon and was sentenced to 50
years' confinement. (SHR[2] at 129-34.) Petitioner did not directly
appeal his conviction or sentence. (Pet. at 3.) On April 22,
2015, petitioner filed a state habeas-corpus application
challenging his conviction, which was denied by the Texas Court
of Criminal Appeals on November 25, 2015, without written order
on the findings of the trial court.[3] (SHR at 24 & Action Taken,
ECF No. 20-1.) Petitioner filed this federal petition for habeas
relief on January 29, 2016.[4] (Pet. at 10.)

Generally, petitioner claims that the trial court abused its
discretion by denying his motion for substitution of trial
counsel (ground one); that he received ineffective assistance of
trial counsel (grounds two through four); that his guilty plea
was the result of ineffective assistance of trial counsel (ground
five); that the evidence was insufficient to support a deadly-

---

[2]"SHR" refers to the record of petitioner's state habeas proceeding in
WR-84,077-01.

[3]Petitioner's state habeas application is deemed filed when placed in
the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir.
2013). The application does not provide the date petitioner placed the
document in the prison mailing system, however the "Inmate's Declaration" in
the application reflects the date the application was signed by petitioner.
(SHR at 24, ECF No. 20-1.) For purposes of this opinion, petitioner's state
habeas application is deemed filed on that date.

[4]Likewise, an inmate's federal habeas petition mailed via the prison
mailing system is deemed filed when the document is placed in the prison mail
system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). However,
petitioner's petition does not provide the date he placed the document in the
prison mailing system. Therefore, the mailbox rule is not applied to his
federal petition. Even if it were applied, it would have no effect on the
outcome of the case.

2

weapon finding or a finding of recklessness (grounds six and seven); and that his sentence is disproportionate to sentences for like charges and exceeds the maximum sentence the legislature intended (ground eight). (Pet. 6-7, 11, ECF No. 1.) Respondent contends the petition is untimely under the federal statute of limitations. (Resp't's Preliminary Answer at 5-11.)

## II.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), Title 28 U.S.C., § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>    (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted
> toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In an attempt to trigger subsection (1)(B), petitioner attributes his delay to an inadequate law library at his prison unit, which he asserts was and continues to present a state-created impediment to filing a timely federal petition. (Pet. 9, ECF No. 1; Pet'r's Traverse 1-4, ECF No. 19.) Specifically, petitioner asserts the following:

>    The Estelle Unit Law Library, where [he] is
> located, is inadequate both Constitutionally and
> according to the TDCJ's own written policies. [T]he
> Estelle Unit Law Library contains no State or Federal
> Reporters. The only books available in the inmate area
> are state and federal codes or procedure. There are no
> instructions. Those attending a law library session are
> required to submit a list of no more than 3 case
> citations per session for review. There is no easy
> method to determine which cases one would like to
> review. If one should happen to stumble upon a case, he
> may review the case for 2 hours, but may not leave the
> law library with the case; it must be turned back in.
> There is no research material in the law library.
> Offenders are not permitted to use a computer or to
> access Westlaw or Lexis. In effect, [he] is seated in a
> large room with a pen and paper. He cannot ask other
> inmates for help. Alone with his pen and paper, he must
> request, specifically, the forms and case citations he
> needs to properly prepare his petition.

>    [He] does not know, nor does AEDPA require him to
> plead, when the research material was removed from the
> law library. However, Chapter 4 of the official
> Offender Orientation Handbook states that Federal and
> State Reporter's are available in the law library.
> Moreover, Policy ATC-033 states that the holdings list
> dictates items that should be generally accessible. The

4

State and Federal Reporters are on that holdings list.

The removal of the Reporters was mystifying. Obviously, there was no threat to security by having a law library containing legal tomes. The recreational library stands right next door, is full of books, and remains in operation. The law library had been in use for decades prior to the removal of the books. No method of conducting research in a more efficient manner was created. In fact, research was stymied.

[He] does not complain that he is intellectually unable to perform research, or that his lack of knowledge in the law led to his inability to file a timely petition. Rather, he points only to his physical ability to have done so, because of the inadequacy of the Estelle Unit law library.

In addition, law library staff routinely ignore requests for help and information. Numerous I-60s (requests to official) and grievances have been filed in attempts to force the law library to comply [with its "Policy ATC-033" dictating items that should be generally accessible"].

. . .

Because [he] was effectively prevented from filing a timely petition by a state-created impediment, an impediment that still exists, his 1 year limit should remain tolled even now.

(Pet'r's Traverse 1-2, ECF No. 19.)

Statutory tolling may be justified where a prisoner is ignorant of the statute of limitations governing federal habeas proceedings and is unable to obtain a copy of the AEDPA from prison authorities. In that limited circumstance, an inadequate law library may constitute a state-created impediment under subsection (B). *Egerton v. Cockrell,* 334 F.3d 433, 437 (5th Cir. 2003). Such is not the case here. Petitioner does not allege,

much less prove, that he was ignorant of the AEDPA statute of limitations. Rather, he complains about his inability to obtain various state and federal reporters, computer access to legal materials, and the lack of legal assistance needed to research and present his claims in federal court. *See Strehl v. Dretke,* No. 3:03-CV-2941-M, 2004 WL 396886, at *2 (N.D.Tex. Mar. 1, 2004). However, the § 2254 form petition does not require a petitioner to analyze or cite case law. Furthermore, petitioner cites the court to *Martinez v. Davis,* No. 4:15-cv-489-DDB (consolidated with No. 4:15-cv-490-DDB), a case pending in the Sherman division, in support of his argument. However, an affidavit filed in that case by Vickie Barrow, Program Manager, TDCJ-Access to Courts, Counsel and Public Officials, largely refutes petitioner's assertions herein and establishes that on May 21, 2016, the Estelle Unit's law library was compliant with agency rules, policies, and guidelines. On this record, petitioner fails to demonstrate a state-created impediment to his timely filing of a federal petition.

Instead, under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment became final upon expiration of the time petitioner had for filing a timely notice of appeal on November 2, 2012. Thus,

the limitations period commenced on November 2, 2012, and expired one year and two days later on Monday, November 4, 2013,[5] absent any applicable tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statute, petitioner's state habeas application filed on April 22, 2015, after limitations had already expired did not operate to toll the limitations period. *Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition is untimely unless petitioner is entitled to equitable tolling.

For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). An inadequate law library and lack of legal assistance do not constitute rare and exceptional circumstances that warrant equitable tolling. *See Scott,* 227 F.3d 260 at 263 & n.3; *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000). Petitioner's lengthy delay further mitigates against tolling as a matter of equity. The

---

[5]November 2, 2013, was a Saturday.

7

doctrine of equitable tolling is reserved for those persons who diligently pursue their legal remedies. *See Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

Therefore, petitioner's federal petition was due on or before November 4, 2013. His petition, filed on January 29, 2016, is untimely.

For the reasons discussed herein,

The court ORDERS petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. The court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED March **28**, 2017.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE